Today, Your Honor, we're asking the Court to reverse this case for full re-sentencing because we view the revocation of Mr. Allgire's supervised release as plain error in the District Court imposed a sentence for a period of supervision that did not exist and so it did not have authority to impose a sentence on that. We're arguing to the Court that there is prejudice to Mr. Allgire in that conviction because he has some additional stigma for something in the record where he has, there's a record of him being revoked when there should not be that record. I think the government even concedes that that is an erroneous revocation. I think the government's position, as I understand it, is that Mr. Allgire is not harmed because the 17-month sentence was imposed concurrently and so he does not have to serve any additional time. And so the collateral consequences that you're talking about would be, you know, he doesn't seem unimaginable that he would have another run-in with the law and that this would be another conviction that would be accounted for in sentencing him? Well, that's part of it, Your Honor, yes. And I think while it might be unlikely to the extent that someone would find out about this, that's also not a flattering fact. And finally, Your Honor, I just think it is problematic for the Court to allow records like this that are obviously incorrect. But in terms of the prejudice to Mr. Allgire, where it would most likely show up is the kind of scenario Your Honor has outlined, I believe. In addition, so Your Honor, we think that this case should be reversed on plain error for those reasons. In addition, our second argument, as I'm sure Your Honor is familiar with, the sentence that was imposed, we would respectfully suggest, was substantially unreasonable. It was a sentence that was more than double the guideline range, and in imposing that sentence, the District Court relied entirely, as I understand it, on Chapter 7 of the Sentencing Guidelines, 7B1.4, Note 4, where the guideline says that if the defendant had leniency in the past, then that might be a reason for departure upward. Well, that's what the note says, and the note says that the leniency, the leniency it refers to in the note is the original sentence, and Mr. Allgire did receive a Rule 35 on his original sentence. However, Your Honor, I think as the Court reviews the records in this case, the District Court, while she gave lip service to the original sentence, was primarily concerned with what she viewed as a lenient sentence at the revocation hearing, at the previous revocation hearing of Mr. Allgire. And so, it's my argument to this Court respectfully that the variance upward was, first of all, the Court misapplied the chapter of the Guidelines, 7B1.4. But then also, Your Honor, it is a variance based on this one guideline that is double the guideline range, and Gall v. United States clearly gives guidance to all District Courts that where courts vary, they should be, the variances should be supported by proportional justifications. And what I would argue to the Court is even if a variance is warranted in this case upward, it seems hard to imagine that reasoning could support a variance that would double the guideline range. And so, Your Honor, we think that also warrants a full resentencing in this case. The government, I think, is critical of our position. They think that the concurrent sentencing doctrine should rule the day here. Of course, Your Honor, I think the case they rely heavily on is the Harris case from the Tenth Circuit. Of course, that case is number one in the Tenth Circuit, but number two is different from this case because the Harris case examines the underlying conviction and finds that it's okay. Here, we have a conviction that we know is erroneous, that the government admits is erroneous. And so, I think the Harris case is significantly different than this case. And the way I understand the government's argument in their briefs when they talk about the prejudice to Mr. Allgaier and the reasonableness of the sentence, it's hard for me to understand under what scenario the government would see a sentence reversed for being unreasonable. Their language is something like, you know, did the court consider policy statements in the 3553A factors? If it did, then it's okay. If that is simply the analysis that any court has to go through, then it's hard to imagine any time this court would reverse a sentence for being unreasonable. But here, there is a variance upward that is twice the guideline range based on a note in the guidelines that was applied incorrectly. Now, it's not that Mr. Allgaier is blameless here, but there is a case in front of the court where he received a sentence twice what the guidelines called for, and I would argue to the court that that is not supported by the guidelines in this case and by the United States Supreme Court in Gaul. I think I'm coming close to my rebuttal time. I think that will conclude my comments unless Your Honor had any other questions. I'll just save the rest for later. There was no objection to the imposition of the concurrent at trial? No, no, Your Honor. At the hearing, I mean. No, no. That's why we're already in plain error, as I understand it. Thank you. All right. Thank you. Mr. Burrell? Good morning, counsel. Deirdre Durbrow, Assistant United States Attorney out of the Southern District of Illinois. Your Honors, we would ask that you affirm the judgment of the district court that the district court didn't properly conduct a revocation hearing and that the sentence of 24 months is not plainly unreasonable. The court looked at the 3553A factors, the nature and circumstances of the violation in conduct, as well as the criminal history of the defendant. In fact, the court went on extensively about the defendant's criminal history, his some 10 prior convictions for retail theft, criminal damage to property, driving while licensed, suspended disorderly conduct, possession of drug paraphernalia, theft, operating an uninsured motor vehicle, unlawful possession of meth, unlawful manufacture of meth, and unlawful possession of meth, in addition to some nine prior arrests. Counsel, can you talk about the error, or the arguably plain error in sentencing him for the two supervised release violations? Yes, Your Honor. It's clear that all of the parties thought from the first revocation hearing that the original revocation was based upon both. So everyone was at a disadvantage. In fact, the sentencing guideline calculations, document 637, that goes to the court had outlined two. In fact, that I believe the court, at the first revocation hearing, advised on both the penalties. That's on page 5 of that transcript. So I think it was just an error that it really was meant to be on counts 1 and 10, but it didn't show up in the J&C that way. So clearly there was error. Because of that, because it wasn't objected to, it would be a plain error analysis, and simply the defendant can't meet his burden on the plain error analysis that affected his substantial rights. What about the collateral consequences? And if there was a miscarriage of justice. In terms of the collateral consequences, I really don't think there are any. There is one, it's two counts, one conviction. There's one J&C. This isn't like it's a separate conviction in and of itself. It's two counts out of one J&C, so it really has no impact. And I don't think it really has any stigma. The defendant has quite a lengthy criminal history as it is. So I think the district court got it right, and not only did she get it right based upon the criminal history and the violation conduct, I think Appellant is putting too much emphasis on the fact that they think the district court just looked at the first revocation's lenient sentence and thought that was the whole reason. And it was proper for the court to go back and look at 7B1.4, Application Note 4, wherein it is entirely appropriate in and of itself to go upward based upon a previous downward departure which the defendant got, 233 months to 175 months. I think what's important to note here is that it's only a 13 month. And he, the Appellant says well that's double, but quite honestly the district court could have imposed a 53 month sentence. That would have been the statutory max, not 24 months. So this is not an improper sentence. It's reasonable based upon the criminal history as well as the guidelines, and we would ask that you affirm the judgment and sentence of the district court. If there are no further questions, I'll conclude. Thank you. Thank you. Mr. Brinkle? I would like to add for the court, it is true that all of us sort of labored under the impression that there was two terms of supervised release being revoked, but there were not. I wanted to make sure that the court was aware of that. Also I want to just disagree with the government. The government argues there's no stigma to Mr. Allgaier because he has a lengthy criminal history. Well, I just, it seems totally not right to me that if a court knows something shouldn't be there, that they would allow it to be on this man's record forever when it shouldn't. And stigma is the main thing you're concerned about? I'm sorry? And stigma is the main thing you're concerned about? I don't know if I should say this, the main thing I'm concerned about, Your Honor, but I would say, though, the error is clear, and so I hope that answers your question. The government used the language, it's only 13 months. Well, if the sentence is clearly erroneous, or I'm sorry, is unreasonable, then only being 13 months is, I would say it's 13 months is a lot. I think it's wrong to characterize 13 months as only. It's a lot of time to Mr. Allgaier. We would treat a one-month error in guideline calculations as plain error, I suspect, under the Supreme Court's plain error jurisprudence under the guidelines. Also, Your Honor, I'm sorry, were you asking me a question or just commenting? No, just commenting. You know, even the Supreme Court cases, when they consider whether something is concurrent or consecutive, as is outlined in the briefs, even a special assessment is viewed as enough to make something important, and so here there is an erroneous record of a revocation, and I would submit that the stigma is a collateral consequence that is significant and that double the guidelines is an awful lot. Also, when we... That stigma, your stigma argument, however, would pretty much eliminate the doctrine that says we would, the concurrent sentence doctrine, right? I don't, I don't think so, Your Honor. I think that the concurrent sentence doctrine, as I understood it, has a number of facets to it, but that where there is an extra conviction, as I understand the case law, where there is an extra conviction but it doesn't change the amount of time, that courts can get rid of that extra conviction. Now, sometimes I think it's different if the defendant is contesting the length of the sentence and all that kind of thing, but, Your Honor, I do think that stigma is something the Supreme Court in Ball recognized as a collateral consequence that can support a reversal in a case like this. I think my time is nearly up, and so I would conclude. Thank you. Thank you. Thanks to both counsel. Case is taken under advisement.